SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

April 25, 2018

Edward C. Gill, Esq.
Law Office of Edward C. Gill
16 North Bedford Street
P.O. Box 824
Georgetown, DE 19947

Miranda D. Clifton, Esq.
Young & McNelis
300 South State Street
Dover, Delaware 19901

      RE: *Joseph Grimes v. Maureen Geelhaar,*
      C.A. No. S17C-01-029 RFS

Upon Defendant's Motion *in Limine* to Exclude Plaintiff's Lost Wage Claim.
Denied.

Dear Counsel:

Before the Court is the Motion *in Limine* of Defendant Maureen Geelhaar ("Geelhaar") to exclude Plaintiff Joseph Grimes' ("Grimes") lost wage claim. The Motion is **DENIED**.

## Facts

This is a personal injury case arising from an automobile accident which occurred on December 7, 2015. Geelhaar allegedly struck Grimes' work vehicle after she failed to stop at a stop sign on Route 24 in Sussex County. The impact caused Grimes' work vehicle to jackknife and roll over, resulting in both physical injury and property damage. Grimes was unable to work from December 7, 2015 to December 21, 2015, a period of two weeks. According to Grimes, he

1

lost three jobs for his construction business as a consequence of the accident, resulting in a loss of $148,530. 79 in net income.[1] He now seeks to recover the lost wages. Lost wages claims are initially paid under the PIP statutes, but Grimes' PIP benefits were exhausted by his medical bills only. He has yet to receive any compensation for lost wages.

## Parties' Contentions

Geelhaar seeks to exclude Grimes' lost wages claim. She first states that "Delaware has long held that when a Plaintiff is self-employed they are only entitled to their net salary or regular draws and precludes recovery of wages based exclusively on the distribution of profits from his or her business."[2] Geelhaar then acknowledges that *Desantis v. Donegal Mutual Insurance Company* expanded the proper calculation of lost wages to include the person's "gross income minus all business expenses necessary for that gross income and relied upon tax return of the business."[3] Finally, Geelhaar claims that Grimes has not produced any documentation of regular wages such as pay stubs or deposit history. Therefore, his claims are merely speculative and not a predictable calculation of lost wages. As a result, Geelhaar asks for the claim to be excluded.

Grimes cites *Desantis* to support the assertion that a self-employed person may be able to recover lost wages under the PIP statute "if it can be shown to a jury by a preponderance of the evidence that the income is predictable."[4] He then argues that it is clear that the issue of

---

[1] The Court notes that the parties cite slightly different figures for the loss calculation. At trial concrete documentation would have to be relied upon to substantiate Grimes' claims.
[2] Def.'s Mot. Limine 3. Geelhaar relies on *U.S. Fidelity and Guaranty Company v. Neighbors* and *State Farm Mutual Automobile Insurance Company v. Girgis* to assert this argument. *Girgis* relies on the reasoning supplied in *Neighbors*. *Neighbors* was overruled by the 1982 amendment to 21 *Del. C.* § 2118. Therefore, Geelhaar's reliance on these cases is misplaced.
[3] *Id.*
[4] Pl.'s Resp. Opp'n Def.'s Mot. Limine 2.

predictability of lost income "is simply a jury question."[5]  Therefore, according to Grimes, the question of whether he may recover lost wages should be presented to the jury.

## Discussion

The question presented here goes to the sufficiency of the evidence of lost wages presented by Grimes and whether a rational jury could return a verdict in his favor.  It is the Court's opinion that Grimes may make a sufficient estimation of his profits and expenses in order to support his lost wages claim.  As a self-employed individual, he is certainly in a position to present such evidence to the jury.  While his previous tax returns do not show such significant earnings, there is no indication that Grimes' story is cut from whole cloth; therefore, he must be permitted to present his claim to the jury.

## Conclusion

For the foregoing reasons, the Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes, Judge

Cc:  Prothonotary

---

[5] *Id.*